# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

SUTTON AND ALS. V. McKENNEY, TRUSTEE.

APRIL 22d, 1886.

JUDGMENT LIENS—*Enforcement in equity.*—The lien of a judgment is not enforceable in equity after it ceases to be enforceable at law. *Hutcheson* v. *Grubbs*, 80 Va. 251.

Appeal from decree of circuit court of Westmoreland county, in a cause therein pending, wherein William S. McKenney, assignee of John Critcher, is complainant, and Susan Sutton, widow, and Walter, William, Lucelia, and Annie Sutton, children and heirs of William Sutton, deceased, and others, are defendants.

The object of the suit was to enforce a judgment lien on land. The defendants (appellants here) pleaded the lapse of ten years between date of judgment and institution of this suit without issuance of execution. The circuit court held that the plea presented no defence to the enforcement of the lien in equity, and the defendants obtained an appeal to this court.

Opinion states the case.

*R. T. Beale,* for the appellants.

No counsel appeared for the appellees.

LEWIS, P., delivered the opinion of the court.

It appears from the record that the judgment, the lien of which is sought to be enforced in this case, was recovered on the 22d day of October, 1868, and that no execution thereon has ever been issued. More than fourteen years after the rendition of the judgment, to wit, on the 31st day of January, 1883, the present suit was instituted, in which the defendants duly appeared and pleaded the statute of limitations. But the plea was overruled by the decree complained of.

Upon the authority of the decision of this court in *Hutcheson* v. *Grubbs,* 80 Va. 251, we are of opinion that the plea ought to have been sustained. The decree will therefore be reversed, and an order entered here dismissing the bill.

DECREE REVERSED AND BILL DISMISSED.